United States District Court
Southern District of Texas
**ENTERED**
December 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE HAMBY, <br> TDCJ #02150299, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-20-3428 |
| WARDEN, ESTELLE UNIT, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Jackie Hamby (TDCJ #02150299) has filed a Prisoner's Civil Rights Complaint ("Complaint") (Docket Entry No. 2), regarding his temporary transfer from the Hightower Unit to the Estelle Unit in Huntsville. Because Hamby is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Hamby is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Hightower Unit, which is located in Dayton.[1] Hamby filed this lawsuit initially in the United States District Court for the Eastern District of Texas, Beaumont Division, regarding his transfer by the Warden at the Hightower Unit to the Estelle Unit, which is located in Huntsville.[2] Because Huntsville is located within the Southern District of Texas, Houston Division, the Eastern District of Texas severed Hamby's claims against the Warden of the Estelle Unit and transferred them here.[3]

According to the Complaint, which was executed on June 18, 2020, Hamby contends that he was transported improperly from the Hightower Unit to the Estelle Unit for a medical appointment on

---

[1] Complaint, Docket Entry No. 2, pp. 1, 3.

[2] Id. at 4.

[3] See Order dated July 20, 2020, Docket Entry No. 1, pp. 1-2 (severing claims); Order dated Sept. 1, 2020, Docket Entry No. 8, pp. 1-2 (transferring claims). Similar claims against the Warden of the Byrd Unit were severed and transferred separately. See Order dated July 20, 2020, Docket Entry No. 1 pp. 1-2. Those claims are pending in Hamby v. Warden, Byrd Unit, Civil No. H-20-2780 (S.D. Tex.). The court takes judicial notice that the Eastern District of Texas, which retained Hamby's claims against the Warden at the Hightower Unit in Civil No. 1:20-cv-284, dismissed those claims as frivolous on August 20, 2020.

March 23, 2020.[4] Pointing to the public health emergency posed by the COVID-19 pandemic, Hamby contends that the Warden of the Estelle Unit placed his life at risk after he arrived from the Hightower Unit by allowing him to be "put in a cage with several other offenders" and then by placing him back on a transport bus to return to the Hightower Unit on March 25, 2020.[5]

In a Step 1 Grievance that was provided along with the Complaint, Hamby explains that he has "breathing problems," which places him "at higher risk" of contracting COVID-19.[6] Noting that the Texas governor had the state "on quarantine lockdown," Hamby argues that he never should have been put on the transport bus to the Estelle Unit, where his life was placed in danger for no reason because his medical appointment was cancelled.[7] Hamby seeks $125,000 in damages for his potential exposure to COVID-19 during March of 2020, and he also appears to seek injunctive relief from any future transport that would pose a risk to his health and safety.[8]

---

[4]Complaint, Docket Entry No. 2, pp. 4-5.

[5]Id.

[6]Step 1 Grievance, No. 2020101621, Docket Entry No. 2, p. 8.

[7]Id. at 8-9.

[8]Complaint, Docket Entry No. 2, p. 4.

## II. **Discussion**

### A. **Lack of Personal Involvement**

The only defendant named in this civil rights case is the Warden of the Estelle Unit. To state a claim under 42 U.S.C. § 1983, a plaintiff must "enunciate a set of facts that illustrate the defendant['s] participation in the wrong alleged." Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Conclusory allegations are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant. See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992).

Hamby does not allege facts showing that the Warden in charge of the Estelle Unit was responsible for his transfer to and from the Hightower Unit in March of 2020, which appears to have been done at the direction of health care providers for the purpose of a medical appointment. Likewise, Hamby does not allege details showing that the Warden was personally involved in making his cell assignment at the Estelle Unit. Absent personal involvement or any facts that would give rise to supervisory liability, Hamby fails to state a claim upon which relief can be granted. See Lerma v. Stephens, 698 F. App'x 785, 786 (5th Cir. Oct. 12 2017) (per curiam).

**B.   Potential Exposure to COVID-19**

More importantly, to the extent that Hamby takes issue with conditions of confinement that resulted in his exposure to potential harm at the Estelle Unit in March of 2020, a prisoner's generalized fear of contracting COVID-19 is not sufficient to state a claim for relief.  See, e.g., United States v. Koons, 455 F. Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); VanDyke v. La. Dep't of Corr., Civil No. 20-0448, 2020 WL 1869016, at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress) (citations omitted).

Likewise, Hamby cannot recover monetary damages based on allegations of potential harm because the Prison Litigation Reform Act (the "PLRA") precludes an action by a prisoner for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).  Hamby does not allege that he became ill as a result of the complained of crowded conditions of confinement at the Estelle Unit.  Because he does not identify any physical injury, § 1997e(e) precludes him from recovering damages for his mental and

emotional distress. See Alexander v. Tippah County, Miss., 351 F.3d 626, 630-31 (5th Cir. 2003) (concluding that two inmates could not recover damages from their temporary exposure to "deplorable conditions" because the only injury alleged was nausea from the smell of raw sewage).

Hamby, who is no longer assigned to the Estelle Unit, does not otherwise demonstrate that he is entitled to injunctive relief. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot).[9] Accordingly, the court concludes that this civil action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as both frivolous and for failure to state a claim for which relief may be granted.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Jackie Hamby (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum

---

[9] Alternatively, Hamby does not demonstrate that an injunction is warranted because a response to his Step 2 Grievance, which is attached to the Complaint, indicates that TDCJ halted non-emergency transports for medical care on March 30, 2020, with emergency transports completed using social distancing guidelines from the Centers for Disease Control ("CDC"). See Step 2 Grievance No. 2020101621, Docket Entry No. 2, p. 11.

Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 3rdth day of December, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE